|   |   |
|---|---|
| SHANNON FARAZI,<br><br>　　　　　　　Plaintiff,<br>　v.<br>ORACLE OF AMERICA, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 2:24-cv-01133-GJL<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 15. Before the Court is Defendant Oracle of America's Motion to Dismiss the Complaint filed by Plaintiff Shannon Farazi. Dkts. 1, 10.

For the reasons set forth herein, each of Plaintiff's claims are deficient because she failed to timely exhaust her administrative remedies prior to initiating this lawsuit. The Court therefore **GRANTS** Defendant's Motion to **DISMISS**. Dkt. 10. Because the defects in Plaintiff's claims are questions of law that cannot conceivably be cured by amendment, the Court will not allow

ORDER ON DEFENDANT'S MOTION TO DISMISS - 1

leave to amend. In dismissing the matter, the Court further **DENIES** as **MOOT** five motions filed by Plaintiff. Dkts. 20, 25–27, 29.

## I.  PROCEDURAL HISTORY

Plaintiff filed a Complaint in this Court on July 26, 2024, alleging claims of employment discrimination and violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Immigration and Nationality Act ("INA"), and the Immigration and Control Act ("IRCA"). Dkt. 1 at 11–14.

Defendant filed the instant Motion to Dismiss on September 4, 2024. Dkt. 10. Plaintiff filed a response on September 11, 2024, and Defendant filed its Reply on October 2, 2024. Dkts. 14, 24. While the instant Motion was pending, Plaintiff filed a Motion for Sanctions on September 16, 2024. Dkt. 20. Plaintiff also filed a Motion for Summary Judgment and a Motion for an Order for Relief (which this Court construes as a Motion for a Preliminary Injunction) on October 8, 2024, and a Motion for Default Judgment on October 10, 2024. Dkts. 25–27. Plaintiff filed a second Motion for Sanctions on October 21, 2024.

## II.  BACKGROUND

Plaintiff worked for Defendant as a software engineer from February 16, 2021, to August 26, 2022. Dkt. 1 at 3. Specifically, Plaintiff refers to herself as a "new college hire," also called an Individual Contributor ("IC1"). *Id.*; Dkt. 10 at 1. Plaintiff describes herself as an "Iranian American Natural Citizen." Dkt. 1 at 3.

Plaintiff alleges that, beginning around March 1, 2021, Plaintiff's supervisors (Surendra Shetty and Srini Simhadri) failed to train Plaintiff or provide her with the guidance and resources she needed to perform her job effectively. Dkt. 1 at 4. Plaintiff alleges that Mr. Shetty and Mr. Simhadri supervised her via a "male dominated hierarchy[,] willfully ignoring female safety

1  concerns" and quotes an employee who stated Shetty used an "aggressive" management style
2  with Plaintiff. Dkt. 1 at 5. Plaintiff alleges that Shetty was consistently hostile towards her, and
3  that his hostility escalated after she informed other managers. Dkt. 1 at 5–6. Plaintiff was fired
4  from her position on August 26, 2022, and alleges that her firing was discriminatory (based on
5  her national origin and citizenship status) and unlawful. Dkt. 1 at 9, Dkt. 1-2 at 125.

6       Plaintiff attaches several documents to her Complaint, including Defendant's company
7  policies, emails between Plaintiff and other employees, and self-evaluations and feedback forms
8  related to Plaintiff's job performance. Dkt. 1 at 20–24, 45–52, 130–33. Plaintiff also attaches
9  records concerning her claims to the U.S. Equal Employment Opportunity Commission
10 ("EEOC") and the Washington State Human Rights Commission ("WSHRC"). *Id.* at 25–44, 55–
11 123.

12       **III.   DISCUSSION**

13       Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when
14 allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.
15 *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
16 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide
17 "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
18 will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On
19 a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and
20 construe all factual inferences in the light ***most favorable*** to the plaintiff. *See Manzarek v. St.*
21 *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need
22 not be pleaded so long as sufficient factual averments show that the claimant may be entitled to
23 some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).
24

ORDER ON DEFENDANT'S MOTION TO DISMISS - 3

Courts liberally construe a *pro se* litigant's complaint and hold it to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). *Pro se* litigants should be granted leave to amend unless it is *absolutely clear* that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

When resolving a motion to dismiss, a Court typically cannot consider evidence beyond the four corners of the complaint. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Hanson v. MGM Resorts Int'l*, No. C16-1661-RAJ, 2017 WL 3085694, at *2 (W.D. Wash. July 20, 2017) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Aledlah v. S-L Distribution Co., LLC*, No. 20-CV-00234-JSC, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Lamb v. Mortg. Elec. Registration Sys., Inc.*, No. C10-5856RJB, 2011 WL 5827813, at *2 (W.D. Wash. Nov. 18, 2011) (quoting *Ritchie*, 342 F.3d at 908).

Defendant moves for dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6), arguing that Plaintiff did not bring timely claims at the agency level and therefore failed to exhaust her administrative remedies. Dkt. 10. The Court considers Plaintiff's Complaint, all

documents attached thereto, and a copy of Charge No. 551-2023-04160 (the "EEOC Charge"), filed by Plaintiff to the EEOC on July 20, 2023, and incorporated by reference in the Complaint. Dkt. 11-1.[1]

### A.    Title VII Claims (Counts I, II, and III)

Plaintiff asserts three claims under Title VII, including that Defendant discriminated against Plaintiff by firing her and denying her "accommodations for meaningful resources" on the basis of (1) her national origin and (2) her citizenship status[2] and (3) in retaliation after she "engaged in protected activity by requesting reasonable accommodations and opposing national origin and citizenship status discrimination." Dkt. 1 at 10–12.

Defendant asserts that Plaintiff failed to file the EEOC Charge containing these claims prior to the 300-day deadline under Title VII. Dkt. 10 at 4–5 (citing 42 U.S.C. § 2000e-5(e)(1)). According to Defendant, Plaintiff "has therefore failed to exhaust her administrative remedies and the ability to do so is outside of the statutory timeframe." Dkt. 10 at 6. This Court agrees.

Before filing a suit alleging employment discrimination under either state or federal statutes, an aggrieved employee must exhaust their administrative remedies by filing a timely charge with the appropriate agency and obtaining a "right-to-sue-letter." *Kisman v. United Parcel Serv., Inc.*, No. 2:21-CV-03164-AB-E, 2023 WL 11822264, at *9 (C.D. Cal. Nov. 14, 2023) (internal citations omitted).

---

[1] Defendant attached the Charge in support of its Motion to Dismiss. Dkt. 11. The Charge is cited in the Complaint to support Plaintiff's assertion that she exhausted her administrative remedies. *See* Dkt. 1 at 3 ("Prior to initiating this lawsuit Plaintiff exhausted her administrative remedies by filing [. . .] Charge Number 551-2023-04160"). Because Plaintiff relies on the EEOC Charge and does not contest the authenticity of the copy submitted by Defendant, the Court may consider this document in ruling on the present Motion. *Keener v. Antinoro*, No. 317CV00498RCJCBC, 2019 WL 2192121, at *4 (D. Nev. May 21, 2019).

[2] Discrimination on the basis of citizenship status is prohibited by Title VII to the extent it has "the purpose or effect of discriminating against an individual on the basis of national origin[.]" 29 CFR § 1606.5(a).

ORDER ON DEFENDANT'S MOTION TO DISMISS - 5

1    Title VII requires a plaintiff to file charges with the EEOC within 180 days of the
2 discriminatory action, extending to 300 days if the employee has filed an analogous claim under
3 state law. *Hilton v. Pagani Worldwide LLC*, No. 19-CV-01848-VC, 2019 WL 4729603, at *1
4 (N.D. Cal. July 30, 2019) (citing 42 U.S.C. § 2000e-5(e)(1)). Filing a timely charge of
5 employment discrimination "is a prerequisite to having an actionable claim" and discriminatory
6 acts beyond the 300-day window preceding the filing of an EEOC charge are time-barred.
7 *Derenkai v. Pan Am Int'l Flight Acad.*, No. 2:15-CV-1099-JAD-CWH, 2016 WL 6405802, at *1
8 (D. Nev. Oct. 26, 2016) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120
9 (2002)).

10    The statute of limitations began to run on **August 26, 2022**, when Plaintiff received a
11 letter informing her that she was terminated on that date. Dkt. 1-2 at 124; *Martin v. Nevada Emp.*
12 *Sec. Div.*, 99 F. App'x 832, 834 (9th Cir. 2004). Because Plaintiff also filed her claims with
13 WSHRC, she benefited from the extended 300-day deadline expiring **June 22, 2023**.[3] Plaintiff
14 filed her EEOC Charge, alleging retaliation and discrimination based on her race and national
15 origin, on **July 20, 2023**. Dkt. 11-1 at 2. Plaintiff therefore filed her EEOC charge over a month
16 after the expiration of the 300-day limitations period, which is fatal to her claims.

17    Plaintiff pleads no facts showing an "excusable delay" to file her EEOC charge that
18 would support equitable tolling, nor does she make any such argument in her Response. Dkt. 14;
19 *Keener*, 2019 WL 2192121 at *4 (quoting *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d
20 1044, 1051 (9th Cir. 2008)). Plaintiff simply argues that she "did timely exhaust her

---

[3] Plaintiff's WSHRC claims were denied as untimely because they occurred more than six months prior to her WSHRC complaint. Dkt. 1-2 at 9.

ORDER ON DEFENDANT'S MOTION TO DISMISS - 6

administrative remedies[,]" a conclusory assertion insufficient to survive a motion to dismiss. Dkt. 14 at 8; Dkt. 1 at 3.

Accordingly, Defendant's Motion to Dismiss (Dkt. 10) is **GRANTED** with respect to Plaintiff's claims in Counts I, II, and III. Plaintiff was required to file her EEOC Charge by **June 22, 2023**. Her failure to do so means that these claims are time-barred and that she did not exhaust her administrative remedies. Since any amendment would be futile to overcome this defect, the **dismissal is with prejudice**. *Clark v. Wells*, No. 2:13-CV-00882-GMN, 2014 WL 5107062, at *1 (D. Nev. Oct. 9, 2014); *Mulvihill v. Pac. Mar. Ass'n*, No. C10-1811Z, 2011 WL 4712198, at *5 (W.D. Wash. Oct. 5, 2011), aff'd, 587 F. App'x 422 (9th Cir. 2014).

**B.    INA, IRCA, and ADA Claims (Counts IV, V, and VI)**

Plaintiff's remaining claims allege that Defendant discriminated against her on the basis of her citizenship, violating the INA and IRCA, and failed to provide reasonable accommodations for her employment, violating the ADA. Dkt. 1 at 12–14.

First, the Court agrees with Defendant that IRCA does not apply here. Dkt. 10 at 8. IRCA concerns the unlawful employment of unauthorized aliens and establishes an "extensive employment verification system." *Galindo v. Off. of the Chief Admin. Hearing Officer*, 856 F. App'x 746, 749 (10th Cir. 2021); 8 U.S.C. § 1324a(a)(1). The statute also contains an anti-discrimination provision which prevents employers from seeking "more or different documents than are required under [IRCA] or refusing to honor documents tendered that on their face reasonably appear to be genuine," as doing so is an "unfair immigration-related employment practice." 8 U.S.C. § 1324b(a)(6); *Santillan v. USA Waste of California, Inc.*, 853 F.3d 1035, 1045 (9th Cir. 2017).

No facts in the Complaint allege such discrimination. Indeed, Plaintiff asserts that she faced discrimination because she was a U.S. citizen, not because anyone doubted her citizenship status. *See* Dkt. 1 at 7 ("Defendants had previously framed Plaintiff's internal complaints in a defamatory manner stating that she was 'a jerk', 'U.S. citizen', [and] 'shaming'"). Plaintiff's IRCA claim in Count V fails.

Second, the claims under the INA are time-barred. A Plaintiff alleging employment discrimination under the INA must file a charge with the Special Counsel **within 180 days** of the alleged unfair employment practice but may not do so if the charge is based "on the same set of facts" as a charge already filed with the EEOC. 8 U.S.C. § 1324b; 28 C.F.R. § 68.4. Thus, even if Plaintiff alleged an INA violation under a separate set of facts from those in her EEOC charge, she was required to file a charge with the Special Counsel by **February 22, 2023**, 180 days after her termination. Plaintiff does not allege that she filed a charge with the Special Counsel. Even if she had, the INA exempts claims of "national origin" discrimination against entities such as Defendant, which are covered under Title VII. *Fordjour v. U.S. Dep't of Just.*, 959 F.2d 240 (9th Cir. 1992) (citing 8 U.S.C. § 1324b(a)(2)(B); 42 U.S.C. § 2000e-2).

Third, the claims under the ADA are time-barred. ADA claims are subject to the same 300-day deadline as the Title VII claims discussed above. *Opsahl v. Int'l Longshore & Warehouse Union, Loc. 21*, 432 F. App'x 708, 709 (9th Cir. 2011); 42 U.S.C. § 12117(a). Because the alleged disability discrimination occurred on August 26, 2022, Plaintiff's last day to file a charge with the EEOC containing this claim was **June 22, 2023**. Again, because Plaintiff did not file her EEOC charge until **July 20, 2023**, and has not plead facts excusing her delay, her claim is time-barred.

ORDER ON DEFENDANT'S MOTION TO DISMISS - 8

1  Defendant's Motion to Dismiss (Dkt. 10) is **GRANTED** with respect to Plaintiff's claims
2  in Counts IV, V, and VI because IRCA does not apply here and because Plaintiff failed to timely
3  exhaust her administrative remedies. Since any amendment would be futile to overcome these
4  defects, the **dismissal is with prejudice**.

**C.    Plaintiff's Motions**

Plaintiff has filed five Motions, including:

(1)    A Motion for Summary Judgment (Dkt. 25);

(2)    A Motion for Order of Relief (Dkt. 26), which this Court construes as a Motion for Preliminary Injunction;

(3)    A Motion for Default Judgment (Dkt. 27); and

(4)    Two Motions for Sanctions against Defendant's counsel (Dkts. 20, 29).

In her Motions, Plaintiff repeats many of the same broad allegations of workplace discrimination already included in her Complaint. *See, e.g.*, Dkt. 26 at 1 (alleging national origin and citizenship status discrimination). Plaintiff also accuses Defendant's counsel of misconduct for (1) issuing discovery requests and (2) filing the present Motion to Dismiss (Dkt. 10), which the Court has found meritorious and granted in this Order.

Because the Court is **dismissing** all of Plaintiff's claims **with prejudice**, Plaintiff's Motions (Dkts. 20, 25–27, 29) are properly **DENIED** as **MOOT**.

### IV.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

(1)    Defendant's Motion to Dismiss (Dkt. 10) is **GRANTED**. All of Plaintiff's claims are **DISMISSED with prejudice**.

(2)    Plaintiff's Motions (Dkts. 20, 25–27, 29) are **DENIED** as **moot**.

Dated this 28th day of October, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON DEFENDANT'S MOTION TO DISMISS - 10